869 F.2d 595
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ivan R. VARNEY, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant- Appellee.
 No. 88-2832.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 23, 1988.
Decided: Feb. 7, 1989.
 
 Gregory W. Evers (Franklin W. Kern, L.C., on brief), for appellant.
 Beverly Dennis, III, Chief Counsel, Region III; Charlotte Hardnett, Chief, Social Security Litigation Division; Patricia A. Heenan, Assistant Regional Counsel (Department of Health and Human Services, on brief), Michael W. Carey, United States Attorney, Gary E. Pullin, Assistant United States Attorney, for appellee.
 Before HARRISON L. WINTER, Chief Judge, ERVIN, Circuit Judge, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Ivan R. Varney, whose claims for disability benefits and supplemental security income were denied by the Secretary, appeals from the judgment of the district court sustaining the Secretary's determination. The sole question presented is whether there was substantial evidence to support the Secretary's finding that Varney's physical impairments were not of sufficient magnitude to prevent him from engaging in substantial gainful activity.
 
 
 2
 We granted the motion of the parties to decide the case without oral argument, and we affirm.
 
 
 3
 Varney, who was 32 years old at the time of the hearing before the administrative law judge, claims that he suffered an incapacitating back and neck injury on January 31, 1983, while driving a truck as a mobile equipment operator for a coal mining company. He had sustained a prior injury in 1981, but had been able to return to work. Varney had worked in the coal mining industry for seven years and prior to that had had jobs as a drill operator in construction and as a general laborer in other industries.
 
 
 4
 Varney's principal complaint was one of pain in his left leg, low back, neck, and left hip, with occasional numbness of his left hand. He adduced evidence from his treating physician, Dr. Leopoldo Hernandez, that he had limitation of motion in his neck and left thigh and tenderness in the lumbar region of the spine and sacroiliac joint. In later reports made after Varney had had extensive physiotherapy treatments, Dr. Hernandez reported that Varney continued to have numbness of the left buttock and aching of the left leg, with a limp while walking and a limitation of motion in the left leg on straight leg raising. Dr. Hernandez expressed the view that Varney would get no better. Dr. Bruce A. Guberman, an examining physician, was of the opinion that Varney suffered from post-traumatic acute and chronic lumbosacral and cervical spine strain.
 
 
 5
 By contrast, there was overwhelming evidence that objective tests failed to reveal any underlying pathology that could explain Varney's report of symptoms--a fact conceded by Dr. Hernandez in at least two of his reports. X-ray and metabolic tests were negative. There were no signs of atrophy, muscle weakness, or bundles of nerve fibers in the musculature. A CAT scan was normal and there were no signs of root compression. There was no evidence of recent or old fractures or dislocations; there were no degenerative changes, no congenital anomalies and no soft tissue abnormalities. A myelogram showed that all disc spaces were "well maintained." Reflexes were normal. At least one orthopedic specialist expressed the view that Varney voluntarily restricted his movements.
 
 
 6
 In order for an individual's statements as to pain to provide a basis for a finding that the individual is under a disability, there must be a showing of a medical condition that could reasonably be expected to produce the pain alleged. See 42 U.S.C.A. Sec. 423(d)(5)(A) (West Supp.1988). Moreover, the condition must be "medically determinable", i.e., capable of substantiation by "medical signs or findings," 20 C.F.R. Secs. 404.1529; 416.929. In Congress' words, "[o]bjective medical evidence of pain ... established by medically acceptable clinical or laboratory techniques ... must be considered in reaching a conclusion as to whether the individual is under a disability." 42 U.S.C.A. Sec. 423(d)(5)(A).
 
 
 7
 In this case there was abundant evidence that physical examinations and medical tests revealed no clinical signs of an impairment from which disabling pain could reasonably be expected to result. We therefore conclude that the Secretary's finding was supported by substantial evidence. See Blalock v. Richardson, 483 F.2d 773, 775 (4 Cir.1972).
 
 
 8
 AFFIRMED.